Kerry HILL, Appellant,

v.

WINN DIXIE TEXAS, INC., Appellee.

No. 6–91–113–CV.

Court of Appeals of Texas,
Texarkana.

Feb. 4, 1992.

Rehearing Denied Feb. 25, 1992.

James T. Womack, Akin, Steele & Bush, Longview, for appellant.

J. Gene Bailey, Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Kerry Hill appeals the take-nothing judgment in his slip-and-fall case against Winn Dixie Texas, Inc. On February 3, 1990, Hill stepped on a cookie and fell while inside Winn Dixie's store. The only issues are whether an instruction regarding unavoidable accident was proper and whether the jury's failure to find negligence was against the great weight and preponderance of the evidence. We determine that the instruction on unavoidable accident was proper and that sufficient evidence supports the findings and affirm.

At the time of Hill's fall, there were two Winn Dixie employees stocking the shelves in the area. The stocker closest to the fall had been there for fifteen or thirty minutes and saw no other customer walk up the aisle. Further, he saw no cookie on the floor while walking to his stocking position. Fred Strong, the assistant manager of the store, walked the store and saw no cookie on the floor approximately one hour to one and one-half hours before the fall. Also, Hill did not see the cookie before he fell.

The trial court, in its charge to the jury, submitted an instruction on unavoidable accident. Hill objected on the basis that there was no evidence to support the instruction.[1] The trial court is generally allowed broad discretion in submitting the charge to the jury in the trial of a case. *See* Part II, Section 11, D, entitled CHARGE TO THE JURY, TEX.R.CIV.P. 271–279. In submitting cases to the jury upon broad-form questions, the trial court exercises broad discretion. Likewise, in the submission of jury instructions and definitions, the trial court exercises broad discretion. *Texas Dep't of Human Serv. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990); *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245 (Tex. 1974); *Louisiana & Arkansas Ry. Co. v. Capps*, 766 S.W.2d 291 (Tex.App.–Texarkana 1989, writ denied); TEX.R.CIV.P. 278. Abuse of that discretion occurs only when the trial court acts without reference to any guiding principle. *Texas Dep't of Human Serv. v. E.B.*, 802 S.W.2d at 649. An instruction on unavoidable accident is properly submitted if any evidence shows that neither party to the incident proximately caused it. *Wisenbarger v. Gonzales Warm Springs Hosp.*, 789 S.W.2d 688, 692 (Tex.App.–Corpus Christi 1990, writ denied).

The Winn Dixie assistant manager walked the store and kept a close lookout for things which may be lying on the floor and dangerous to the store's patrons. He saw no cookie in the aisle where the incident occurred. Further, there was a Winn Dixie employee stocking shelves in the immediate area of the incident, and he saw no cookie. Also, Hill saw no cookie before his fall. Here, the trial court broadly submitted jury questions concerning negligence and proximate cause and gave the jury a proper definition of unavoidable accident. With this evidence, the trial court's acts in instructing the jury were not without reference to any guiding principles. Hill shows no trial court error or abuse of its broad discretion in the manner in which

---

1. At trial, Hill raised no issue about the propriety of the terms of the instruction given or about the proper legal definition of unavoidable accident.

the trial court submitted this case to the jury.

Hill relies on *Hukill v. H.E.B. Food Stores, Inc.*, 756 S.W.2d 840 (Tex.App.– Corpus Christi 1988, no writ), to support his contention that an unavoidable accident instruction was improper. In *Hukill*, H.E.B. admitted that the only way the accident could occur was through employee negligence, and H.E.B. failed to show the actual procedures used by the store to keep the floors clean on the day of the accident. H.E.B.'s failure to put evidence on of the actual procedures used and their admission of employee negligence ruled out any extraneous activity on which to base the unavoidable accident instruction. This was not the state of the evidence in the present case. Therefore, *Hukill* is inapposite.

 Hill also claims that the jury's findings were against the great weight and preponderance of the evidence. The jury answered the questions submitted to it in favor of Winn Dixie. The jury did not find that Winn Dixie was negligent. When a jury fails or refuses to find from a preponderance of the evidence that a fact exists which one party has the burden to prove, this means that the party did not discharge its burden of proof. *Morris v. Holt*, 714 S.W.2d 311, 313 (Tex.1986); *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966). When it is urged on appeal that a failure to find a fact is so against the great weight and preponderance of the evidence as to be wrong and unjust, the court's fact-finding power is invoked, and all the evidence is weighed in making that determination. *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973); *Stuckey v. Conveying Techniques, Inc.*, 753 S.W.2d 449, 450 (Tex.App.–Texarkana 1988, writ

denied); *see also Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex. 1988). Considering all the evidence, the verdict is not against the weight of the evidence as to be manifestly unjust. Here, there was testimony which set out the store's policies on keeping the floors clean. Further, there was testimony of the actual procedures employed by Winn Dixie on the day of the fall. There was enough evidence for the jury to find that Winn Dixie was not negligent.

The trial court's judgment is affirmed.

CORNELIUS, Justice, concurring.

I do not agree that the negligence of a third party justifies an instruction on unavoidable accident, and the majority opinion does not say that it does.

I do believe, however, that in this case there is an inference that the cookie may have gotten on the floor and may have lain there without anyone's negligence. Therefore, the instruction was proper on that basis. The complete lack of evidence that anyone put the cookie there raises an inference that it got there without anyone's negligence—e.g., perhaps vibrations caused it to fall, it simply slipped off the shelf, or without anyone's negligence, it simply fell out of someone's package or cart. Thus, an instruction on unavoidable accident was proper.

GRANT, Justice, dissenting.

The trial court erred in submitting an instruction on unavoidable accident.

Unavoidable accident is present when an event occurs which was not proximately caused by the negligence of any party *to the event.*[2] *Yarborough v. Berner*, 467

---

**2.** The following Texas cases support the proposition that an unavoidable accident exists only when there is evidence that something other than negligence of one of the parties to the event causes the injury:

(One of the parties to the event) *Fulton v. Shaw*, 321 F.2d 545 (5th Cir.1963);
(Any party to it) *Dallas Ry. & Terminal Co. v. Bailey*, 151 Tex. 359, 250 S.W.2d 379 (1952);
(All parties to transaction) *International– Great Northern R. Co. v. Lucas*, 128 Tex. 480,

99 S.W.2d 297 (1936), *corrected,* 128 Tex. 480, 100 S.W.2d 97 (1937);
(Of any party to the event) *Hyatt Cheek Builders–Engineers Co. v. Board of Regents Of the University Of Texas System*, 607 S.W.2d 258 (Tex.Civ.App.—Texarkana 1980, writ dism'd);
(Or any party to it) *Clark v. Cotten*, 573 S.W.2d 886 (Tex.Civ.App.–Beaumont 1978, writ ref'd n.r.e.);
(A party to the event) *McLeroy v. Stocker*, 505 S.W.2d 615 (Tex.Civ.App.–Houston [1st Dist.] 1974, no writ);

S.W.2d 188 (Tex.1971). This should not be confused *with any party to the lawsuit.* This would include such nonhuman things as fog, snow, sleet, wet or slick pavement, or obstruction of the view. *Yarborough,* 467 S.W.2d 188. Unavoidable accident can also come into play when one of the parties to the event is incapable of negligence. *Yarborough,* 467 S.W.2d 188. In the present case, there is no evidence that the occurrence was caused by a nonhuman condition or by a party incapable of negligence under the law.

The instruction used in the present case was as follows: "An occurrence may be an 'unavoidable accident,' that is, an event not proximately caused by the negligence *of any party to it."* (emphasis added).

The jury instruction uses the language "of any party to it." The antecedent of the pronoun *it* is *event.* This charge was taken verbatim from 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 3.04 (1987). The comment in the Texas Pattern Jury Charge under Section 3.04 contains the following language:

> When to use ... PJC 3.04 should be given immediately after the definition of "proximate cause" in PJC 2.04 *when there is evidence that the occurrence was caused by unforeseeable nonhuman conditions.*

(Emphasis added.)

This definition has been approved by the Supreme Court since its ruling in *Dallas Ry. & Terminal Co. v. Bailey,* 151 Tex. 359, 250 S.W.2d 379 (1952). *Lemos v. Montez,* 680 S.W.2d 798 (Tex.1984). In the *Bailey* case, the court dealt directly with the contention that the occurrence might have been caused by a third party. The court said the theory of a new and independent cause is not an affirmative defense, but it is an element to be considered by the jury in determining the existence or nonexistence of proximate cause. *Bailey,* 250 S.W.2d at 383. On motion for rehearing, the court in *Bailey* said if it is the position of a defendant in any case that he is entitled to be absolved of liability because the event was caused by the negligence of a co-defendant or of a *party to the event who is not a party to the suit,* the defendant may protect himself through pleadings, proof, and findings that the negligence of such person was *a sole proximate cause* of the event.

The majority opinion bases its ruling on unavoidable accident on evidence presented by the defendant that its employees did not see the object which caused the plaintiff's fall. This was a part of what the plaintiff contended was the defendant's negligence, *i.e.* that the employees should have known of the existence of the dangerous condition created by the debris on the floor. In effect, the allegation of the plaintiff is that the defendant's employees did not keep a proper lookout for dangers that might cause a customer to slip and fall. The mere fact that the employees did not see the cookie on the occasion in question does not prove that the cookie was not there. The defendant has not denied that the plaintiff slipped on a cookie that was in the aisle. The defendant offered evidence to prove that its employees overlooked the cookie: the employee checked the aisle and did not see anything; the employee said no customers went down the aisle after he checked it; and, there was a cookie in the aisle upon which the plaintiff later slipped. The employee admitted in his testimony that he was not paying much attention to the aisle floor. The testimony that the employee did not see the cookie upon which

(Of any party to it) *Schiller v. Lewis,* 451 S.W.2d 544 (Tex.Civ.App.–Houston [1st Dist.] 1970, no writ);
(By all parties to the transaction) *Haynes v. Martinez,* 260 S.W.2d 369 (Tex.Civ.App.–Amarillo 1953, writ ref'd n.r.e.);
(All parties to the transaction) *Mohan v. Safeway Stores,* 237 S.W.2d 813 (Tex.Civ.App.–Waco 1951, no writ);
(Of the intervention of fatalistic element for which fate alone is responsible) (Of anyone contributing to its occurrence) *Hicks v. Brown,* 128 S.W.2d 884 (Tex.Civ.App.–Amarillo 1939), *modified,* 136 Tex. 399, 151 S.W.2d 790 (1941);
(Of parties participating in the occurrence) *Dallas Ry. & Terminal Co. v. Little,* 109 S.W.2d 289 (Tex.Civ.App.–Dallas 1937, writ dism'd);
(Parties to the event) *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hospital,* 789 S.W.2d 688 (Tex.App.–Corpus Christi 1990, writ denied).

plaintiff slipped in no way invokes the need for a charge on unavoidable accident.

This evidence does not absolve the defendant of its duty of care to remove debris from the floor that might cause injury to a customer. But even if there were some evidence that another customer dropped the cookie, this would not authorize the submission of an unavoidable accident instruction.

The majority opinion relies upon the case of *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hospital,* 789 S.W.2d 688 (Tex.App.–Corpus Christi 1990, writ denied), for a justification for submitting the unavoidable accident instruction. In the *Wisenbarger* case, there was expert testimony that an ulcer that was the basis of the malpractice suit was caused by physical circumstances, namely the initial road burn and its location on Wisenbarger's back, Wisenbarger's advanced age, and his paraplegia. In the present case, there is no evidence of any other nonhuman cause of the accident or that it was caused by a party incapable of negligence under the law.

Unavoidable accident is a matter of avoidance or affirmative defense that must be pled [3] and raised by the evidence. There must be some evidence to support an instruction on unavoidable accident. *Brown v. Goldstein,* 685 S.W.2d 640, 643 (Tex. 1985); *Lemos v. Montez,* 680 S.W.2d 798, 800. The majority points to no evidence of a cause of this occurrence other than the negligence of the parties. The concurring opinion suggests that vibrations caused the M & M chocolate chip cookie to fall off the shelf. A search of the record shows that there is no evidence of any vibrations. The concurring opinion also points to an absence of evidence on how the cookie got on the floor. An absence of evidence does not justify an instruction on unavoidable accident; neither should this instruction be given on the basis of speculation, surmise, or speciousness.

Since neither side presented any evidence that a nonhuman factor or a person incapable of negligence proximately caused the incident, nor could such a theory be inferred from the evidence, the trial court erred by submitting the instruction.

I respectfully dissent.

---

**3.** *Great Atlantic & Pacific Tea Co. v. Garner,* 170 S.W.2d 502 (Tex.Civ.App.–Dallas 1943, writ ref'd w.o.m.) No objection was made in the present case to the failure of the defendant to plead unavoidable accident.