Kerry HILL, Petitioner,

v.

WINN DIXIE TEXAS, INC., Respondent.

No. D–2272.

Supreme Court of Texas.

Dec. 16, 1992.

Rehearing Overruled March 31, 1993.

Dissenting Opinion of Justice Hecht
on Motion for Rehearing
March 31, 1993.

James T. Womack, G.R. Akin, Longview, for petitioner.

J. Gene Bailey, Longview, for respondent.

## OPINION ON DENIAL OF APPLICATION FOR WRIT OF ERROR

MAUZY, Justice.

At issue is whether the submission of an unavoidable accident instruction was proper under the circumstances of this case. We hold that it was not, but that its submission did not constitute reversible error.

Kerry Hill slipped and fell on a cookie while inside a Winn Dixie store. At the time of Hill's fall, an employee of Winn Dixie was stocking shelves approximately six to eight feet from where Hill fell. The stocker remained in the area for fifteen to thirty minutes prior to the accident and saw no other customers walk up the aisle.

In addition, the assistant manager inspected the store at 6:00 p.m. and saw no cookie in the aisle. Thus, the cookie apparently fell on the floor after 6:00 p.m. and before 7:25 p.m. Hill sued Winn Dixie for negligence.

The trial court submitted the following jury instruction: "An occurrence may be an 'unavoidable accident,' that is, an event not proximately caused by the negligence of any party to it." The jury found that neither party's negligence proximately caused the occurrence in question. As a result, the trial court rendered a take-nothing judgment against Hill. The court of appeals affirmed, holding that the unavoidable accident instruction was proper. 824 S.W.2d 311, 312–13.

 An unavoidable accident instruction is proper only when there is evidence that the event was proximately caused by a nonhuman condition and not by the negligence of any party to the event. *Yarborough v. Berner*, 467 S.W.2d 188, 190–91 (Tex.1971). *See also Hukill v. H.E.B. Food Stores Inc.*, 756 S.W.2d 840, 843 (Tex. App.—Corpus Christi 1988, no writ); *Leatherwood Drilling v. TXL Oil Corp.*, 379 S.W.2d 693, 697 (Tex.Civ.App.—Dallas 1964, writ ref'd n.r.e.). The instruction is ordinarily given in cases involving environmental conditions such as fog, snow, sleet, wet or slick pavement, or obstruction of view. *Yarborough*, 467 S.W.2d at 191. The instruction may also be proper when there is evidence indicating that a very young child, legally incapable of negligence, was the only human cause of the accident. *Id.* When there is no evidence that the accident was caused by some such peculiar circumstance, submission of the instruction is generally improper. *See Hicks v. Brown*, 136 Tex. 399, 151 S.W.2d 790, 792 (1941) (approving an instruction defining "unavoidable accident" as "an unexpected catastrophe" and holding that "if the evidence does not raise the issue that

something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident"); *see also Hukill*, 756 S.W.2d at 843–44. Courts should refrain from submitting an unavoidable accident instruction in other circumstances due to the risk that the jury will be misled or confused by the perception that the instruction represents a separate issue distinct from general principles of negligence. *See* W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 29 at 163–64 (5th ed. 1984).[1]

 In the case at bar, the evidence established the following: the cookie was on the floor for a maximum of an hour and a half and a minimum of fifteen minutes; Winn Dixie's assistant manager did not see the cookie when he inspected the store at 6:00 p.m.; a stocker, working a few feet from Hill when he fell, failed to discover and remove the cookie; and, Hill did not see the cookie before he slipped on it and fell. Since there was no affirmative evidence of an extrinsic, unavoidable event, such as an act of God, which caused Hill to slip and fall, the unavoidable accident instruction should not have been given. *See Hukill*, 756 S.W.2d at 844; *see also* 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC § 3.05 (1987) (an occurrence is caused by an act of God if it is caused directly and exclusively by the violence of nature, without human intervention or cause, and could not have been prevented by reasonable foresight or care).

 Nevertheless, we conclude that the instruction does not, under the circumstances of this case, constitute reversible error. An improper jury charge will result in reversible error if it "was reasonably calculated to cause, and probably did cause the rendition of an improper judgment." Tex.R.App.P. 184(b). Under the circum-

---

1. "[J]ury instructions on the unavoidable accident doctrine have been falling into disfavor in a growing number of jurisdictions. Such an instruction, it is argued, confuses and misleads the jury because it merely restates the principles of duty, negligence and proximate causation yet appears to inject a separate issue which tends to overemphasize and favor the defendant's case.

Persuaded by arguments such as these, many courts have emphasized that the instruction should be reserved for exceptional situations where called for by the unique facts of a particular case, and some have more generally disapproved the unavoidable accident instruction for use in negligence cases altogether." (Citations omitted.)

stances of this case, submission of the instruction probably did not cause the rendition of an improper judgment. *Cf. Acord v. General Motors Corp.*, 669 S.W.2d 111, 116 (Tex.1984) (the circumstances of the case and the nature of the improper instruction determine whether the instruction constituted reversible error); *see also Wisenbarger v. Gonzales Warm Springs Hosp.*, 789 S.W.2d 688, 694 (Tex.App.—Corpus Christi 1990, writ denied) (submission of an unavoidable accident instruction was improper but did not constitute reversible error under the circumstances).

Accordingly, though we disapprove of the submission of the unavoidable accident instruction under the circumstances of this case, we deny Hill's application for writ of error.

### ON MOTION FOR REHEARING

Motion for rehearing in application for writ of error overruled.

### DISSENTING OPINION ON MOTION FOR REHEARING

HECHT, Justice.

Our dissenting opinion of December 16, 1992, is withdrawn and this dissenting opinion is substituted in its place.

The trial court's instruction to the jury in this routine slip and fall case, that "[a]n occurrence may be an 'unavoidable accident,' that is, an event not proximately caused by the negligence of any party to it", is unquestionably a correct statement of the law. On the evidence before the jury, the instruction was at least arguably proper. Hill slipped on a cookie which was lying on the floor. She did not put the cookie there and does not know who did. She concedes that no Winn Dixie employee put it there. Winn Dixie employees testified that they inspected the floors near the time of the accident and the cookie was not there. They saw no one drop a cookie and cannot explain how the cookie came to be on the floor. Assuming that all this evidence is true, and that the cookie did not simply materialize on the floor, one must infer either that an unknown person negligently caused the cookie to be on the floor, *or that it fell there from a cart or bag*

*without anyone's negligence or knowledge.*

In holding that the evidence does not warrant submission of an unavoidable accident instruction, the Court ignores this latter inference. As a rule, a jury instruction must be based upon evidence in the case, but inferences are evidence. For an unavoidable accident instruction, the Court creates a stricter rule: there must be *"affirmative* evidence". There is, of course, none in this case, nor can there be, where no one saw the cookie fall to the floor.

The Court cites *Hicks v. Brown*, 136.Tex. 399, 151 S.W.2d 790 (1941), for its new affirmative evidence standard and its conclusion that instructing the jury on unavoidable accident was error. But *Hicks* neither imposed an affirmative evidence requirement nor held that instructing on unavoidable accident was error; rather, it held that the defendant had a right to the instruction. *Id.*, 151 S.W.2d at 793. The Court also cites Prosser and Keeton's treatise, which notes only that some courts have restricted the circumstances in which an unavoidable accident instruction is given, and then comments:

> Probably a majority of jurisdictions still permit the instruction in appropriate cases, however, and the instruction is still stoutly defended as helpful in focusing the issues in proper cases. Neither the unavoidable accident doctrine nor instructions thereon should be expected to wither away completely any time soon because of the notion's underlying logical simplicity and because such instructions, properly applied, may usefully serve to translate the arcane words and concepts of the law into a common sense perspective of everyday life and experience that jurors can readily understand.

W. PAGE KEETON ET AL., PROSSER & KEETON ON THE LAW OF TORTS § 29, at 164 (5th ed. 1984) (footnotes omitted). It is precisely the "common sense perspective of everyday life and experience" that not all accidents are caused by negligence that the Court means to avoid.

Assuming, however, that the instruction was improper in this case—as one reason-

ably could, even if it requires a slight change in the rule to do so—one cannot validly argue that the trial court abused its discretion in giving the instruction. The Court attempts no such argument. Yet "[t]he standard for review of the charge is abuse of discretion, and abuse of discretion occurs only when the trial court acts without reference to any guiding principle." *Texas Dep't of Human Serv. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). The Court does not mention this standard although it controls the disposition of this case. Tacitly, however, it must conclude that the trial court acted without reference to any guiding principle. The conclusion is tacit and not express because even the Court is reluctant to say that the trial court gave an unavoidable accident instruction *without reference to any guiding principle.*

If what the trial court did constituted an abuse of discretion, then that discretion is very small indeed. Fashioning a jury charge cannot be so tightly circumscribed, not only as a matter of law, but as a matter of sheer practicality. The Court's opinion should not, however, be read as a general limitation on the trial court's discretion. The decision in this case is based not on a cramped concept of the scope of that discretion generally but on the Court's animosity toward the unavoidable accident instruction in particular. The point is not that a trial court should have less leeway in preparing its charge to the jury, but merely that it had better think twice before instructing a jury about unavoidable accident.

The Court's concern that an unavoidable accident instruction will mislead or confuse the jury is misplaced, both as a matter of this record and as a matter of jurisprudence. It is difficult to understand how an instruction that an accident *can* happen without negligence will mislead or confuse a jury in deciding whether it *did.* The instruction is misleading only if one assumes that one or both parties must have been negligent, which is perhaps the Court's point. That assumption is not valid, either generally or in this particular case. It should not be error to tell the jury what the law recognizes—that some accidents occur without anyone's negligence.

Accordingly, I dissent.

CORNYN and ENOCH, JJ., join in this dissenting opinion.