**Thelma REINHART and Sallye Treme, Appellants,**

v.

**William Carl YOUNG, Appellee.**

No. 01–92–01269–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Decided March 17, 1994.

Rehearing Denied May 26, 1994.

Rex Easley, Jr., Cole & McManus, Cole & Easley, Victoria, for appellants.

Whittington, Pfeiffer & Vacek, Jeffrey Lee Hoffman, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

The trial court entered a judgment in favor of William Carl Young, appellee, after a jury found he was not negligent in rear ending the automobile of appellants, Thelma Reinhart and Sallye Treme. The sole complaint on appeal is that the court erred in submitting an instruction on unavoidable accident. We affirm.

Mr. Young, appellee, testified that he was behind appellants' vehicle when it went over the top of an overpass. Mr. Young was trailing appellants' vehicle between ⅛ and ¼ of a mile as it disappeared over the overpass. As Mr. Young came over the overpass, he saw appellants' vehicle just on the other side either stopped or going very slowly. Mr. Young said he could not swerve left because of a guard rail, and because of traffic, he could not swerve right. Mrs. Treme, the driver of the other car, testified that at the time of impact, she was stopped due to traffic in front of her. The accident occurred on the back side of the overpass, although there was serious dispute as to the exact point of the accident.

■ The only function of an explanatory instruction in the court's charge is to aid and assist the jury in answering the issues submitted. *Atchison, Topeka, & Santa Fe Ry. v. O'Merry*, 727 S.W.2d 596, 601 (Tex.App.—Houston [1st Dist.] 1987, no writ). If an instruction might aid the jury in answering the issues presented to them, or if there is *any support* in the evidence for an instruction, the instruction is properly given. TEX. R.CIV.P. 277. A trial court is given broad discretion in determining the sufficiency of the instructions and definitions that it submits to the jury. *Lee–Wright, Inc. v. Hall*, 840 S.W.2d 572, 578 (Tex.App.—Houston [1st Dist.] 1992, no writ).

■ It is the trial judge's duty to determine whether the doctrine of unavoidable accident has been raised by the evidence. *Francis v. Cogdell*, 803 S.W.2d 868, 871 (Tex.

App.—Houston [1st Dist.] 1991, no writ). The general rule for submission of an instruction on unavoidable accident is if there is evidence supporting the theory, the trial court is required to submit such an instruction. *Scott v. Atchison, Topeka, & Santa Fe Ry.*, 572 S.W.2d 273, 280 (Tex.1978). If the judge finds there is some evidence tending to establish the necessary elements of the doctrine, and the doctrine is plead, then it is clearly the judge's duty to submit such explanatory instructions as are proper to enable the jury to render a just verdict. *Charter Oak Fire Ins. Co. v. Taylor*, 658 S.W.2d 227, 229 (Tex.App.—Houston [1st Dist.] 1983, no writ).

■ An unavoidable accident instruction is proper only when there is evidence that the event was proximately caused by a nonhuman condition and not by the negligence of any party to the event. *Hill v. Winn Dixie Texas, Inc.*, 849 S.W.2d 802, 803 (Tex.1992). The instruction is ordinarily given in cases involving environmental conditions such as fog, snow, sleet, wet or slick pavement, or *obstruction of view. Id.; Yarborough v. Berner*, 467 S.W.2d 188, 191 (Tex.1971); *Brown v. Goldstein*, 678 S.W.2d 539, 542 (Tex. App.—Houston [14th Dist.] 1984) *rev'd on other grounds*, 685 S.W.2d 640.

■ The dissent asserts, and we agree, that appellants presented evidence through several witnesses that disputed appellee's claim of unavoidable accident; however, there was some evidence from Mr. Young himself that the overpass obstructed his view and prohibited him from seeing Mrs. Treme slow down or stop. With the evidence and the pleading, the instruction was proper. *Charter Oak Fire Ins. Co.*, 658 S.W.2d at 229. Appellants have raised no points of error challenging the sufficiency of the evidence supporting the jury's finding of no negligence and have confined their complaint solely to the instruction on unavoidable accident.

We overrule, therefore, appellants' only point of error.

We affirm the trial court's judgment.

O'CONNOR, Justice, dissenting.

I dissent. This is a plain-vanilla car accident case, and unavoidable accident was not an issue. If the unavoidable accident charge was proper in this case, it will be proper in every case in which the defendant claims he was not negligent.

The issue for the jury was whether the defendant was negligent in following the plaintiff so closely and at such a speed that he ran into the rear of her automobile. By submitting the instruction on "unavoidable accident," the trial court permitted the jury to believe that the freeway itself could be an obstruction that created an unavoidable accident. No other case in Texas jurisprudence has permitted a party to claim that the road the party was traveling was an obstruction that created an unavoidable accident.

The evidence establishes that the accident occurred during the daylight hours with no inclement weather. Ms. Treme, the driver of the car and one of the plaintiffs, testified she was driving about 50 mph down highway 59. After she went over an overpass, a red car cut across the highway and caused traffic in front of her to stop. She came to an abrupt stop behind a white car. About four seconds later, the defendant, driving a three-quarter ton pickup truck with a big pipe grill, plowed into the rear of her car. Ms. Treme said the collision occurred away from the overpass, close to a bridge that crosses highway 59. Mr. Young, the defendant, testified he was traveling about ⅛ to ¼ of a mile behind the plaintiff and he collided with the plaintiff just after going over the overpass.

Officer Pullings of the Department of Public Safety, who arrived on the scene just a few minutes after the accident, concluded the defendant caused the accident by failing to control his speed and failing to keep a lookout. The officer testified the accident did not occur where the defendant claimed it did. The skid marks and the debris from the accident placed the point of impact far down the side of the overpass from where the defendant claimed it happened, close to the bridge. The officer testified he measured the point of impact as three-tenths of a mile from the crest of the overpass. He testified the defendant had plenty of time to stop after coming over the crest of the overpass. The officer said there was nothing about the area of highway that would have obstructed the defendant's vision so that he could not see the traffic ahead.

This was not a proper case for the instruction on unavoidable accident. The only function of an explanatory instruction in the court's charge is to assist the jury in answering the issues submitted. *Atchison, Topeka, & Santa Fe Ry. v. O'Merry*, 727 S.W.2d 596, 601 (Tex.App.—Houston [1st Dist.] 1987, no writ). If an instruction helps the jury to answer the questions in the charge and if there is any support in the evidence for an instruction, the instruction is properly given. Tex.R.Civ.P. 277. The trial court has broad discretion in determining the sufficiency of the instructions and definitions that it submits to the jury. *Lee–Wright, Inc. v. Hall*, 840 S.W.2d 572, 578 (Tex.App.—Houston [1st Dist.] 1992, no writ).

It is the trial judge's duty to determine whether the doctrine of unavoidable accident has been raised by the evidence. *Francis v. Cogdell*, 803 S.W.2d 868, 871 (Tex.App.—Houston [1st Dist.] 1991, no writ). The general rule for submission of an instruction on unavoidable accident is if there is evidence supporting the theory, the trial court is required to submit such an instruction. *Scott v. Atchison, Topeka, & Santa Fe Ry. Co.*, 572 S.W.2d 273, 280 (Tex.1978). If the trial court finds there is any evidence tending to establish the necessary elements of the doctrine, the trial court must submit the explanatory instructions. *Charter Oak Fire Ins. Co. v. Taylor*, 658 S.W.2d 227, 229 (Tex.App.—Houston [1st Dist.] 1983, no writ).

An unavoidable accident instruction is proper only when there is evidence that the event was proximately caused by a nonhuman condition and not by the negligence of any party to the event. *Hill v. Winn Dixie Texas, Inc.*, 849 S.W.2d 802, 803 (Tex.1992). The instruction is ordinarily given in cases involving environmental conditions such as fog, snow, sleet, wet or slick pavement, obstruction of view, or when a child who is legally incapable of negligence was the only human cause. *Id.; Yarborough v. Berner*,

467 S.W.2d 188, 191 (Tex.1971). The Supreme Court has said the trial courts should avoid submitting an instruction on unavoidable accident in other circumstances because of the risk the jury will be misled or confused by the separate issue. *Hill,* 849 S.W.2d at 803.

When there is no evidence that the accident was caused by some such peculiar circumstance, submission of the instruction is improper. *Hill,* 849 S.W.2d at 803. The Supreme Court has defined unavoidable accident as "an unexpected catastrophe." *Id.; Hicks v. Brown,* 136 Tex. 399, 151 S.W.2d 790, 792 (1941).

In *Hill,* the Supreme Court quoted from Prosser and Keeton as follows:

> Jury instructions on the unavoidable accident doctrine have been falling into disfavor in a growing number of jurisdictions. Such an instruction, it is argued, confuses and misleads the jury because it merely restates the principles of duty, negligence and proximate causation yet appears to inject a separate issue which tends to overemphasize and favor the defendant's case.

*Hill,* 849 S.W.2d at 803 n. 1.

In this case, there was no evidence of an extrinsic, unavoidable event, such as an act of God, which caused the accident. *Hill,* 849 S.W.2d at 803. There was no unexpected catastrophe. *Id.* The defendant could see that he was approaching an overpass; the plaintiff who had traveled over it minutes before had been able to stop; the defendant did not stop, not because of some catastrophe, but because he was either traveling too closely to the plaintiff or he was traveling too fast. The jury could have found that the plaintiff did not produce enough evidence for them to find the defendant negligent, but unavoidable accident was not an issue in this case.

The comment to the instruction on unavoidable accident, State Bar of Texas, Texas Pattern Jury Charges PJC § 3.04, states:

> In light of the use of a broad-form negligence/proximate cause question to which the jury may answer "No" for all persons submitted (PJC 4.01), there is a question whether this instruction may constitute a

comment on the weight of the evidence, *see First International Bank v. Roper Corp.,* 686 S.W.2d 602 (Tex.1986 [1985] ), and an impermissible form of nudging, *see Lemons [Lemos] v. Montez,* 680 S.W.2d 798 (Tex.1984). *See Wheeler v. Glazer,* [137 Tex. 341] 153 S.W.2d 449 (Tex.1941).

This case was submitted with questions as suggested by PJC 4.01.

The defendant's theory, that he could not avoid the accident because the plaintiff was stopped just over the crest of the highway, was contradicted by physical evidence and the testimony of the officer. The evidence did not raise the issue of unavoidable accident, and its submission caused harm in this case.

I would reverse for retrial.