Benito G. SALAZAR et al., Appellants,

v.

Robert Hicks HILL, III, et al., Appellees.

No. 1150.

Court of Civil Appeals of Texas,
Corpus Christi.

May 12, 1977.
Rehearing Denied June 2, 1977.

Steve Q. McManus, Kilgore, Cole, Seerden & McManus, Victoria, for appellants.

Leslie S. Lockett, Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from a rear end automobile collision case in which a take nothing judgment was rendered based on jury findings. Appellant, Elena Salazar, along with her husband, Benito Salazar, brought suit alleging that the automobile in which they were riding was struck from the rear by a loaded pickup truck driven by appellee, Robert Hicks Hill, III. It was further alleged that Mr. Hill was employed by D. A. Warden, d/b/a Warden Company, and was within the scope of his employment at the time of the accident. Both Hill and Warden were sued. The jury answered all negligence issues about Hill's conduct favorably to the defendants and all damage issues were answered "0". Plaintiffs appeal from the trial court's take nothing judgment. We affirm.

There is no material dispute about the facts. The date of the collision was September 11, 1974. The weather that day was cloudy with intermittent rain or drizzle. Both vehicles were headed south in the inside lane of Washington Street in Beeville, Texas. The pavement was wet and slippery. At the time of the collision Mrs. Salazar was a passenger in a car which was being driven by her husband, Benito, and which was either stopped or slowing to a stop in deference to a car ahead which was preparing to turn left. Mr. Hill had been following the Salazar's vehicle for four blocks. He was three to four car lengths behind them when he first saw that their brake lights were on; whereupon he applied his brakes. He had not seen the Salazar's brake lights actually come on. Upon application of his brakes his car began to skid to the right after his brakes had locked. Hill was unable to bring the skid under control and struck the Salazar vehicle on the extreme right rear. Upon contact the vehicles separated and came to a stop partially in the outside lane of the south bound traffic.

Damage to the Salazar's vehicle was to the right rear bumper and fender as well as to an area just above the lock on the truck. The latter damage was disputed by the appellees. The Hill pickup was damaged on the left front grill and fender which was forced back on the left door so that the door could not be opened. Both vehicles, however, were driven from the scene and an investigating officer testified that damage was minor except for the Hill pickup. No one suffered visible injuries and no one went to the hospital, but Mrs. Salazar said that she was not sure if she was all right. She did see her doctor that day.

Appellants have brought forward three points of error. Among appellants' points of error are two legal insufficiency points ("no evidence"). With each such point, we shall view the evidence in a light most favorable in support of the jury findings and consider only the evidence and inferences which support the findings and reject the evidence and inferences contrary to the findings. *Miller v. Riata Cadillac Company,* 517 S.W.2d 773 (Tex.Sup.1975). In considering the appellants' factual insufficiency point of error ("against the great weight and preponderance of the evidence"), we shall examine the whole record to determine the evidence supports the jury findings. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

In that the jury in our case answered all of the material issues in the negative,

some of the other principles we will be considering during our discussion of appellants' points follow. The mere fact that we might have reached a different conclusion on the facts does not authorize us to substitute our judgment for that of the jury. *Dallas Ry. & Terminal Co. v. Farnsworth,* 148 Tex. 584, 227 S.W.2d 1017 (1950). It is within the jury's province to judge the credibility of the witnesses and the weight to be given their testimony, and to resolve conflicts and inconsistencies in testimony of any one witness as well as testimony of different witnesses. Further it is within the jury's province to believe one witness and disbelieve another, or to believe part of the testimony of a witness and disbelieve any other part. *Scott v. Gibson Oil Company,* 471 S.W.2d 924 (Tex.Civ.App.—Tyler 1971, no writ).

■■■ A question of fact as to the existence of negligence is usually presented when one vehicle overtakes and strikes one in front of it going in the same direction. *Renshaw v. Countess,* 289 S.W.2d 621 (Tex. Civ.App.—Fort Worth 1956, no writ). In cases of this character (rear end collisions), standards of ordinary care cannot be fixed with any degree of certainty, but the matters must be left in large measure to the jury because the jury is not only the judge of the facts and circumstances but may also draw reasonable inferences and deductions from the evidence introduced before it. *Gaitan v. Reyes Salvatierra,* 485 S.W.2d 602 (Tex.Civ.App.—San Antonio 1972, no writ). Additionally, the mere fact of the occurrence of a rear end collision does not relieve the plaintiff of his burden of proving that the defendant committed a negligent act proximately causing the collision. *Chapin v. Hunt,* 521 S.W.2d 123 (Tex.Civ.App.— Beaumont 1975, writ dism'd).

Appellants' first point attacks the jury findings in response to special issue 1, parts a, b, c, d and e, as being so contrary to the great weight and preponderance of the evidence as to be clearly wrong. This issue and its subsections involve questions of Hill's lookout, speed, application of brakes, following distance from the Salazar vehicle,

and failure to turn to the right. As stated, all of these findings were favorable to appellees.

■■■ As we have noted, the jury is the trier of the facts and as such is in a better position to judge these issues than are we. The jury in this instance answered the negligence issues for the appellees. From the facts in this case we conclude that the jury findings attacked by appellants merely indicate that the appellants have failed to carry their burden of proving the alleged acts of negligence. *Stafford v. Hardi,* 464 S.W.2d 958 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.). And the jury's failure to find those facts (of negligence) vital to the appellants' recovery need not be supported by affirmative evidence. *Traylor v. Goulding,* 497 S.W.2d 944 (Tex.Sup.1973). We hold therefore that the findings complained of are not so against the great weight and preponderance of the evidence as to be manifestly wrong.

In support of their position appellants rely upon the somewhat analogous case of *Dellolio v. Brown,* 399 S.W.2d 425 (Tex.Civ. App.—Houston 1966, no writ). Unlike the present case, however, the plaintiff in *Dellolio* was stopped in obedience to a traffic signal. While in the present case the car struck from the rear was stopped or stopping in the middle of a street and was the third car away from an intersection. Such a fact situation is distinguishable from the cited case and does not compel a finding of negligence. Appellants' point 1 is overruled.

In their point 2, the appellants assert error in the trial court's submitting the definition of unavoidable accident to the jury because there was no evidence to support such a submission.

■■■ When the defendant pleads unavoidable accident and the evidence raises unavoidable accident, the trial court must submit it. A jury issue is raised if the evidence shows wet pavement and skidding. *Dallas Railway & Terminal Co. v. Bailey,* 151 Tex. 359, 250 S.W.2d 379 (1952); *Schiller v. Lewis,* 451 S.W.2d 544 (Tex.Civ.App.

—Houston [1st] 1970, no writ). There is no dispute but that the pavement was wet and the testimony of the defendant and the officer investigating the accident was that both cars were skidding when the collision occurred. Therefore, we find that the trial court acted correctly in submitting the definition of unavoidable accident because there was some evidence to support the submission of that definition. Appellants' point 2 is overruled.

In their final point appellants maintain that the trial court erred in submitting a definition of sudden emergency because there was no evidence of probative value to support such submission.

■ A trial court is correct in submitting definitions and instructions on sudden emergency if the conditions or circumstances relied upon arise suddenly and unexpectedly, call for an action leaving no time for deliberations, and were not brought about by the negligence of the party seeking to avail himself of the doctrine. *Deviney v. McLendon,* 496 S.W.2d 161 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.).

■ Mr. Salazar told the officer investigating the accident that the lead car came to a sudden stop; as a consequence he tried to veer to the right to avoid a collision. He also testified that the road on which the accident occurred was very slippery. The investigating officer confirmed this and testified that both vehicles were skidding at the time of the collision.

Hill testified that he was aware that it had been raining but that he found the road to be more slippery than expected. This conclusion was bolstered by his further testimony that he slipped while walking on the road after the accident as follows:

"Q Now, you said that after the accident was all over, the vehicles came to a rest, you got out the right door. Did you have any trouble when you got out of the car with your footing?

A Yes, sir.

Q Tell the jury about that.

A Well, when I walked toward the front of the car and the Salazars got out and started to come back, I slipped a little bit. It was—I mentioned to Mrs. Salazar that it was awfully slick, like maybe there was some oil or something on the road. I don't know, the road didn't have any asphalt, I mean, gravel or anything showing. It was just smooth, you know. And we stopped between the two cars, between the back of their car and the front of mine, and looked over the damage while Mr. Salazar went to get—to call the police.

Q And the road was unusually slippery?

A I think so."

Hill also testified that he would normally have been able to stop his vehicle prior to the collision under normal circumstances. It is our opinion that this testimony presents some evidence of sudden emergency and the trial court was correct in submitting a definition based thereon. Appellants' final point is overruled.

The judgment of the trial court is affirmed.