In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00150-CV

____________


RAFAEL URISTA, Appellant


V.


BED, BATH, & BEYOND, INC., Appellee






On Appeal from the 234th District Court 

Harris County, Texas

Trial Court Cause No. 2000-06999 





O P I N I O N


 Rafael Urista appeals a take-nothing jury verdict in his personal injury suit
against Bed, Bath, and Beyond, Inc. (BBB). In his first three issues, Urista contends
that the trial court committed reversible error during jury selection, and, in issue five,
he contends that the jury's verdict was against the great weight and preponderance
of the evidence. In his fourth issue, which disposes of this appeal, Urista contends
that the trial court erred by including an unavoidable-accident instruction in the jury
charge. We reverse and remand.

Background

 On September 19, 1998, while shopping at a BBB store, Urista was allegedly
hit in the head and knocked unconscious by plastic trash cans that fell from atop a
store shelf. Reginald Neal, a store employee, was attempting to remove items from
the shelf when the trash cans fell. Upon learning of the accident, David Traxler, a
general manager with the store, approached Urista and filled out an accident report. 
Urista did not report serious injury at that time.

 Five weeks later, Urista claimed injury and photographed the store in
preparation for his personal-injury lawsuit against BBB. Urista claimed that he 
suffered a degenerative back condition as a result of being hit by the trash cans. At
trial, Urista adduced evidence showing that Neal negligently caused the trash cans to
fall. The jury, however, found no negligence by answering "no" to the question, "Did
the negligence, if any, of Bed, Bath, & Beyond, Inc. proximately cause the occurrence
in question?" In accordance with the jury's verdict, the trial court entered a take-nothing judgment against Urista. 

Charge Error

 In his fourth issue, Urista contends that the trial court erred in submitting, over
Urista's objection, the following instruction in the jury charge:

An occurrence may be an "unavoidable accident," that is, an event not
proximately caused by the negligence of any party to it.


Urista contends that no evidence was presented to show that the trash cans fell
because of a nonhuman environmental condition, and that, in fact, the evidence
showed that the trash cans fell as a result of Neal's negligence. 

 We review charge error under an abuse-of-discretion standard. Texas Dep't of
Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990). A trial court is required to
submit an unavoidable-accident instruction to the jury only if the pleadings and
evidence support the instruction. See Tex. R. Civ. P. 278; Elbaor v. Smith, 845
S.W.2d 240, 243 (Tex. 1992). An unavoidable accident is a nonhuman event not
proximately caused by the negligence of any party to it. Reinhart v. Young, 906
S.W.2d 471, 472 (Tex. 1995); Ordonez v. M.W. McCurdy & Co., Inc., 984 S.W.2d
264, 271 (Tex. App.--Houston [1st Dist.] 1998, no pet.). The only purpose of the
instruction is to ensure that jurors will understand that they need not necessarily find
that one or the other party to the suit was to blame for the occurrence. Reinhart, 906
S.W.2d at 472; Ordonez, 984 S.W.2d at 271. The instruction is most often used to
(1) inquire about the causal effect of some physical or environmental condition or
circumstance, such as fog, snow, sleet, wet or slick pavement, or obstruction of view,
or (2) to resolve a case involving a very young child who is legally incapable of
negligence. Reinhart, 906 S.W.2d at 472; Ordonez, 984 S.W.2d at 271. When there
is no evidence that an accident was caused by this type of peculiar circumstance,
submission of the instruction is improper. Hill v. Winn DixieTexas, Inc., 849 S.W.2d
802, 803 (Tex. 1992). As the supreme court has stated, "courts should refrain from
submitting an unavoidable accident instruction . . . due to the risk that the jury will
be misled or confused by the perception that the instruction represents a separate
issue distinct from general principles of negligence." Reinhart, 906 S.W.2d at 472. 

 In this case, no evidence suggested that the trash cans fell because of a peculiar
circumstance that would warrant an unavoidable-accident instruction. BBB tacitly
admits as much on appeal, noting that Urista "may, ultimately, be correct" in asserting
charge error. Thus, we hold that the trial court erred in submitting the instruction. 
See id. Our inquiry does not end there, however, because an incorrect jury instruction
will not warrant reversal unless it probably caused the rendition of an improper
judgment. Tex. R. App. P. 44.1; Ordonez, 984 S.W.2d at 272. We must examine the
entire record to determine whether the instruction probably caused an improper
judgment. Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473, 480 (Tex. 2001). An
incorrect instruction is especially likely to cause an improper judgment when the trial
is highly contested and the evidence is sharply conflicting. Id. 

 BBB relies on Reinhart in contending that the trial court's submission of the
unavoidable-accident instruction, while erroneous, was nevertheless harmless because
the instruction did not result in an improper judgment. 906 S.W.2d at 474. In
Reinhart, after finding that the trial court erroneously submitted an unavoidable-accident instruction, the supreme court held that submitting the instruction did not
constitute reversible error because (1) the defendant introduced ample evidence at
trial to support the jury's finding of no negligence, thus prompting a unanimous jury-verdict in the defendant's favor, (2) the charge contained an unobjected-to instruction
concerning the doctrine of sudden emergency, which reiterated much of the
unavoidable-accident instruction, and (3) unavoidable accident was not mentioned
by any of the witnesses, and the defendant's attorney made little mention of it in
closing argument. Reinhart, 906 S.W.2d at 474. BBB contends that error in the
instant case should be construed in the same manner as Reinhart. We conclude that
BBB's reliance on Reinhart is misplaced and that, under the circumstances of this
case, submission of the unavoidable-accident instruction constitutes reversible error.

 Here, in contrast to the defendant in Reinhart, BBB did not introduce ample
evidence to support the jury's no-negligence finding. To the contrary, a close
question exists as to whether the jury's failure to find BBB negligent was against the
great weight of the evidence. Traxler testified that Urista would not have been
injured if Neal had been properly removing items from atop the shelf in question. 
Traxler further testified that "common sense would tell you that [Neal], probably
human error, probably knocked one of the trash cans over." Despite this testimony,
BBB did not introduce any evidence of its own and chose to rest at the conclusion of
Urista's case. This, therefore, is not a case in which the defendant presented ample
evidence to support a no-negligence finding. See id. Because two of the twelve
jurors found BBB negligent, this is also not a case in which the defendant secured a
unanimous jury verdict. See id. From an evidentiary standpoint, this case bears little
resemblance to Reinhart. 

 In further contrast to Reinhart, the trial court here did not submit a sudden-emergency instruction that reiterated the substance of the unavoidable-accident
instruction. The unavoidable-accident instruction was submitted independent of any
similar instruction and could only have served to mislead and confuse the jury
regarding the issue of negligence. 

 Moreover, in contrast to Reinhart, our record suggests that the jury may have
based its verdict on the unavoidable-accident instruction. Neither party disputed that
Neal, while working atop a store shelf, caused the trash cans to fall onto Urista. The
parties did dispute, however, how to characterize Neal's conduct--Urista described
the conduct as negligence, while BBB described the conduct as an "accident" or mere
"human error." One of BBB's main contentions at trial was that "accidents happen,"
a theory akin to an unavoidable accident. Again, in contrast to Reinhart, BBB's trial
counsel emphasized the unavoidable-accident alternative to the jury during closing
argument, at one point stating:

 . . . The court tells you there's such a thing as an unavoidable accident. 
I'm not saying that [BBB] wasn't around and might have caused it, and
the court tells that to you . . . [but] people have to understand that every
accident is not caused by negligence. There's a lot of accidents in this
world that are unavoidable accidents. That's what the court says to you
. . . it wasn't intended to happen, it just did.


As the record demonstrates, BBB persistently injected its "accident theory" during
trial. The jury's consideration of this theory was likely to be influenced by the
erroneous unavoidable-accident instruction in this highly contested case. See Hukill
v. H.E.B. Food Stores, Inc., 756 S.W.2d 840, 844 (Tex. App.--Corpus Christi 1988,
no writ) (holding erroneous unavoidable-accident instruction was harmful when
evidence at trial presented close question regarding negligence). 

 In sum, this case is distinguishable from Reinhart. Because the issue of
negligence was highly contested throughout trial, and because BBB presented a
theory that made "unavoidable accident" an attractive, but improper, alternative for
the jury's consideration, we conclude that the erroneous submission of the instruction
probably caused the rendition of an improper judgment. See Tex. R. App. P. 44.1. 
Accordingly, we hold that the trial court's error in submitting the instruction was
reversible.

 We sustain Urista's fourth issue. Because of our disposition of this issue, we
need not address Urista's remaining issues. 


Conclusion


 We reverse the judgment of the trial court and remand the cause for a new trial.







 Elsa Alcala


 Justice


Panel consists of Justices Hedges, Jennings, and Alcala.