In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00150-CV
____________

RAFAEL URISTA, Appellant

V.

BED, BATH, & BEYOND, INC., Appellee




On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2000-06999 




OPINION ON MOTION FOR REHEARING
          Appellee, Bed, Bath, and Beyond, Inc. (BBB), has filed a motion for rehearing
of our opinion issued on June 12, 2003. We granted rehearing, appellant Rafael
Urista filed a response, as requested, and this case was resubmitted for rehearing on
January 13, 2004. We withdraw our opinion of June 12, 2003, and issue this opinion
in its stead and vacate our June 12, 2003 judgment. 
          Urista appeals a take-nothing jury verdict in his personal injury suit against
BBB. In his first three issues, Urista contends that the trial court committed
reversible error during jury selection, and, in issue five, Urista contends that the jury’s
verdict was against the great weight and preponderance of the evidence. As part of
his fourth issue, which disposes of this appeal, Urista contends that the trial court
erred by including an unavoidable-accident instruction in the jury charge. We reverse
and remand.
Background
          On September 19, 1998, while shopping at a BBB store, Urista was allegedly
hit in the head and knocked unconscious by plastic trash cans that fell from atop a
store shelf. Reginald Neal, a store employee, was attempting to remove items from
the shelf when the trash cans fell. Upon learning of the accident, David Traxler, a
general manager with the store, approached Urista and filled out an accident report. 
Urista did not report serious injury at that time.
          Five weeks later, Urista claimed injury and photographed the store in
preparation for his personal-injury lawsuit against BBB. Urista claimed that he 
suffered a degenerative back condition as a result of being hit by the trash cans. At
trial, Urista adduced evidence showing that Neal negligently caused the trash cans to
fall. The jury nevertheless found no negligence by answering, “No” to the single
broad-form question, “Did the negligence, if any, of Bed, Bath, & Beyond, Inc.
proximately cause the occurrence in question?” In accordance with the jury’s verdict,
the trial court entered a take-nothing judgment against Urista. 
Charge Error—Unavoidable Accident Instruction
          Urista’s fourth issue challenges instructions included in the charge. As part of
this issue, Urista contends that the trial court erred in submitting, over Urista’s
objection, the following instruction that accompanied the single, broad-form liability
question:
An occurrence may be an “unavoidable accident,” that is, an event not
proximately caused by the negligence of any party to it.
 
Urista contends that no evidence was presented to show that the trash cans fell
because of a nonhuman environmental condition, and that, in fact, the evidence
showed that the trash cans fell as a result of Neal’s negligence. 
          We generally review charge error under an abuse-of-discretion standard. See
Tex. Dep’t of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990). Trial courts
have no discretion, however, to misstate the law. See St. Joseph Hosp. v. Wolff, 94
S.W.3d 513, 525 (Tex. 2002) (holding that whether definition in charge “misstated
the law” was legal question reviewable de novo). 
          “Unavoidable accident” is an inferential rebuttal theory. See Lemos v. Montez,
680 S.W.2d 798, 800 (Tex. 1984). An inferential rebuttal theory:
relies on facts that, if established, will disprove the existence of some
essential element of the opponent’s cause of action or affirmative
defense. In other words, an inferential rebuttal theory presents an
inconsistent theory from the claim relied on by the opposing party for
recovery or relief. 

T. Ray Guy, The Jury Charge in Texas Civil Litigation: Texas Practice
Series § 8.1 at 119 (3d ed. 2003) (hereinafter T. Ray Guy, Jury Charge). 
          A trial court need only submit an unavoidable-accident instruction to the jury
if the pleadings and evidence support the instruction. See Tex. R. Civ. P. 278 (“The
court shall submit the questions, instructions and definitions in the form provided by
[r]ule 277, which are raised by the written pleadings and the evidence.”) (emphasis
added); see also Tex. R. Civ. P. 277 (“Inferential rebuttal questions shall not be
submitted in the charge.”) (emphasis added); Lemos, 680 S.W.2d at 800 (explaining
that rule 277 prohibits submitting “unavoidable accident” to jury by separate question
and that erroneous inferential rebuttal instruction effectively required plaintiff to
prove nonexistence of affirmative defense, as under former, discredited law); Hukill
v. H.E.B. Food Stores, Inc., 756 S.W.2d 840, 843 n.2 (Tex. App.—Corpus Christi
1988, no writ) (noting that “unavoidable accident” should be submitted as instruction
or definition) (citing Lemos, 680 S.W.2d at 800)); T. Ray Guy, Jury Charge § 8.4
at 123 (noting that rule 277 prohibition requires submitting inferential rebuttal
theories to jury by instruction or definition).
          An “unavoidable accident” is a nonhuman event not proximately caused by the
negligence of any party to it. Reinhart v. Young, 906 S.W.2d 471, 472 (Tex. 1995);
Ordonez v. M.W. McCurdy & Co., Inc., 984 S.W.2d 264, 271 (Tex. App.—Houston
[1st Dist.] 1998, no pet.). The sole purpose of an unavoidable-accident instruction
is to ensure that jurors will understand that they need not necessarily find that one or
the other party to the suit was to blame for the occurrence. Reinhart, 906 S.W.2d at
472; Ordonez, 984 S.W.2d at 271. The instruction is most often used to (1) inquire
about the causal effect of some physical or environmental condition or circumstance,
such as fog, snow, sleet, wet or slick pavement, or obstruction of view, or (2) to
resolve a case involving a very young child who is legally incapable of negligence. 
Reinhart, 906 S.W.2d at 472; Ordonez, 984 S.W.2d at 271. When there is no
evidence that an accident was caused by this type of peculiar circumstance,
submission of the instruction is improper. Hill v. Winn Dixie Tex., Inc., 849 S.W.2d
802, 803 (Tex. 1992). As the supreme court has stated, “‘courts should refrain from
submitting an unavoidable accident instruction . . . due to the risk that the jury will
be misled or confused by the perception that the instruction represents a separate
issue distinct from general principles of negligence.’” Reinhart, 906 S.W.2d at 472
(quoting Hill, 849 S.W.2d at 803). 
A.      Instruction Erroneous
           No evidence in this case suggested that the trash cans fell because of a peculiar
circumstance that would warrant an unavoidable-accident instruction. BBB tacitly
admits as much on appeal, noting that Urista “may, ultimately, be correct” in asserting
charge error. Thus, we hold that the trial court erred in submitting the instruction. 
See Reinhart, 906 S.W.2d at 472. 
B.      Error Was Harmful and Reversible
          Well-settled law holds that an incorrect jury instruction will not warrant
reversal unless it probably caused the rendition of an improper judgment. See Tex.
R. App. P. 44.1(a)(1); e.g., Ordonez, 984 S.W.2d at 272. The supreme court has
recently clarified that reversible error in the charge also occurs when error in the
charge prevents the appellant from properly presenting its case to the court of appeals. 
See Tex. R. App. P. 44.1(a)(2); Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 388-89
(Tex. 2000) (citing and applying same). We review the entire record to determine
whether the instruction amounted to reversible error. See Quantum Chem. Corp. v.
Toennies, 47 S.W.3d 473, 480 (Tex. 2001). An incorrect instruction is especially
likely to cause reversible error when the evidence is conflicting and the issues hotly
contested. See id.; Hukill, 756 S.W.2d at 844. 
          BBB relies on Reinhart in contending that the trial court’s submitting the
unavoidable-accident instruction, while erroneous, was nevertheless harmless because
the instruction did not result in an improper judgment. 906 S.W.2d at 474. In
Reinhart, after finding that the trial court erroneously submitted an unavoidable-accident instruction, the supreme court held that submitting the instruction did not
constitute reversible error for the following reasons: (1) the defendant introduced
ample evidence at trial to support the jury’s finding of no negligence, thus prompting
a unanimous jury-verdict in the defendant’s favor; (2) the charge also contained an
instruction concerning the doctrine of sudden emergency, which reiterated much of
the unavoidable-accident instruction, but to which the plaintiff did not object; and (3)
no witnesses mentioned the unavoidable accident issue, and (4) the defendant’s
attorney made only a passing reference to it in closing argument. See id. at 473-74. 
BBB contends that error in the instant case should be construed in the same manner
as Reinhart. We conclude that BBB’s reliance on Reinhart is misplaced and that
submission of the unavoidable-accident instruction was reversible error under the
circumstances of this case.
          Here, in contrast to the defendant in Reinhart, the evidence supporting the
jury’s finding of no negligence liability was not “ample.” See id. at 473. To the
contrary, a question arises whether the jury’s failure to find BBB negligent was
against the great weight of the evidence.


 Traxler testified that Urista would not have
been injured if Neal had been properly removing items from atop the shelf in question
properly. Traxler further testified that “common sense would tell you that [Neal],
probably human error, probably knocked one of the trash cans over.” Despite this
testimony, BBB did not introduce any evidence of its own and chose to rest at the
conclusion of Urista’s case. Cf. id. Similarly, in contrast to Reinhart, in which the
defendant secured a unanimous jury verdict, two of the 12 jurors would have found
BBB negligent. See id. From an evidentiary standpoint, this case bears little
resemblance to Reinhart. In further contrast to Reinhart, in which the charge
included an additional instruction to which the complaining party had not objected,
id. at 474, the charge here included an additional instruction on “new and independent
cause,” to which Urista also objected.
          Moreover, in contrast to Reinhart, the record before us suggests that the jury
may have relied on the unavoidable-accident instruction in answering “No” to the
negligence liability question. Although neither party disputed that Neal, while
working atop a store shelf, caused the trash cans to fall onto Urista, each party
characterized Neal’s conduct differently. Urista described Neal’s conduct as
negligence. BBB, on the other hand, referred to Neal’s conduct as an “accident” or
mere “human error.” Similarly, one of BBB’s main contentions at trial was that
“accidents happen,” a theory much akin to an unavoidable accident. Once again, in
contrast to Reinhart, see id., BBB’s trial counsel emphasized the unavoidable-accident alternative in closing arguments to the jury, stating at one point as follows:
 The court tells you there’s such a thing as an unavoidable accident. I’m
not saying that [BBB] wasn’t around and might have caused it, and the
court tells that to you . . . [but] people have to understand that every
accident is not caused by negligence. There’s a lot of accidents in this
world that are unavoidable accidents. That’s what the court says to you
. . . it wasn’t intended to happen, it just did.

The record demonstrates that BBB persistently injected its “accident theory” during
trial. The jury’s consideration of this theory was thus likely to be influenced by the
erroneous unavoidable-accident instruction in this highly contested case. See Hukill,
756 S.W.2d at 844 (holding erroneous unavoidable-accident instruction harmful when
evidence at trial presented close question regarding negligence). Although we have
noted that the jury may have relied on the “unavoidable accident” instruction and also
consider it likely that the jury relied on the erroneous instruction, we cannot,
however, discern whether this occurred. 
          In addition to the points on which we have distinguished Reinhart, we also note
that Reinhart predates the supreme court’s recent instructions on how we are to
analyze whether error in the charge constitutes reversible error in cases like this, that
is, cases in which the effect of charge error is not clearly discernable.
          As addressed above, an inferential rebuttal theory presents an inconsistent
theory from the claim relied on by the opposing party for recovery or relief. See T.
Ray Guy, Jury Charge § 8.1 at 119. The single, broad-form liability question here
inquired, “Did the negligence, if any, of Bed, Bath, & Beyond, Inc. proximately cause
the occurrence in question?” In addition to defining “negligence,” the same question
instructed the jury that, “An occurrence may be an ‘unavoidable accident,’ that is, an
event not proximately caused by the negligence of any party to it.” The single, broad-form question thus included the two following theories: negligence and unavoidable
accident. No one disputes that the first theory was proper. As addressed above, the
second theory was error. 
          Casteel instructs us that, because our system of justice compels that parties be
judged by a jury that has been properly instructed in the law, id. at 388, harmful error
occurs when (1) a single, broad-form liability question erroneously commingles valid
and invalid theories, (2) the appellant objects timely and specifically, and (3) it cannot
be determined whether the erroneously submitted theory formed the sole basis of the
jury’s finding. See id. at 389. With regard to the third prong of this analysis, the
supreme court stated as follows:
[T]he best the [reviewing] court can do is to determine that some
evidence could have supported the jury’s conclusion on a legally valid
theory. To hold this error harmless would allow a defendant to be held
liable without a judicial determination that a factfinder actually found
that the defendant should be held liable on proper, legal grounds. 

Id. at 388. Given these circumstances, the supreme court concluded that the trial
court’s error probably prevented the appealing party from properly presenting his case
to the court of appeals. Id. at 388 (citing Tex. R. App. P. 61.1, 44.1(a)). 
          Here, as in Casteel, the single, broad-form liability question erroneously
commingled a valid negligence theory with an erroneous inferential rebuttal
instruction that injected an invalid theory of “unavoidable accident.” Although Urista
objected timely and specifically, the trial court overruled his objection. As in Casteel,
although we have concluded it likely, on reviewing the record, that the erroneous
instruction formed the sole basis for the jury’s finding that BBB was not negligent,
we cannot determine this conclusively. Therefore, the trial court’s error in including
the instruction probably was reversible error that prevented Urista from presenting
his case to this Court, and remand for a new trial is proper. See id. at 390; Tex. R.
App. P. 44.1(a)(2). 
          We conclude that this case is not only factually and procedurally
distinguishable from Reinhart, but controlled by Casteel. We sustain the portion of
Urista’s fourth issue that challenges the “unavoidable accident” instruction in the jury
charge. Because of our disposition of this issue, we need not address the remaining
portion of Urista’s fourth issue or his remaining issues. 
 

Conclusion
          We reverse the judgment of the trial court and remand the cause for a new trial.



     Elsa Alcala
     Justice

Panel consists of Justices Jennings, Alcala, and Hedges.




Justice Jennings, dissenting.