IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0332
════════════
 
Bed, Bath & Beyond, 
Inc.,
Petitioner,
 
v.
 
Rafael Urista,
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the First District of 
Texas
════════════════════════════════════════════════════
 
 
Argued September 
28, 2005
 
 
Justice Green delivered the opinion of 
the Court, in which Justice 
Hecht, Justice O’Neill, 
Justice Wainwright, Justice Brister, Justice Johnson and Justice Willett joined.
 
Justice Brister filed a concurring 
opinion, in which Justice Hecht 
and Justice Willett joined.
 
Justice Medina filed a dissenting 
opinion, in which Chief Justice 
Jefferson joined.
 
 
 
In this case 
we decide whether an unavoidable accident instruction given to the jury caused 
reversible error and requires a new trial. We conclude that because the record 
does not support a finding that the trial court’s submission of the instruction 
probably caused the rendition of an improper judgment, Tex. R. App. P. 61.1(a), any error in 
including the instruction in the jury charge was harmless. Accordingly, we 
reverse the court of appeals’ judgment and remand the case to that court for 
consideration of the remaining issues.
I
While 
shopping at a Bed, Bath & Beyond, Inc. (“BBB”) store, Rafael Urista claims 
he was hit on the head and knocked unconscious by plastic trash cans that fell 
from a twelve-foot-high shelf. According to Urista’s wife, a BBB employee on a 
ladder in the adjacent aisle on the other side of the shelf was attempting to 
retrieve merchandise with a broom when the trash cans fell. Although the BBB 
employee was not called to testify at trial, Urista’s wife stated that the 
employee came around the aisle and observed the scene before returning to assist 
his customer. After learning of the incident, the BBB store manager approached 
the Uristas and completed an accident report. At that time, Urista declined the 
manager’s offer of assistance and did not report being knocked unconscious or 
that he had been injured. The Uristas resumed shopping before leaving the 
store.
Five weeks 
later, Urista sued BBB claiming that the trash can incident caused him severe 
back injuries. The BBB store manager conceded during his testimony at trial that 
the employee working on the other side of the shelf probably caused the trash 
cans to fall, but he believed the employee had been acting in a safe manner when 
the incident occurred.
Urista’s 
testimony revealed that he had previously been treated for back pain due to 
prior work-related injuries. Urista’s physician testified that although Urista’s 
medical records initially showed a diagnosis of “work-related” injuries, he 
later, at the request of Urista’s attorney, changed Urista’s medical records to 
reflect that the injuries were caused by the BBB incident. At the close of 
Urista’s case, BBB moved for an instructed verdict, which was denied. BBB rested 
without calling any witnesses.
The trial 
court submitted the case to the jury in a broad-form charge. The liability 
question asked: “Did the negligence, if any, of Bed, Bath, and Beyond, Inc. 
proximately cause the occurrence in question?”[1] Over Urista’s objection, 
the trial court also included two inferential rebuttal instructions in the 
charge, including this “unavoidable accident” instruction: “An occurrence may be 
an ‘unavoidable accident,’ that is, an event not proximately caused by the 
negligence of any party to it.” In its brief, BBB conceded that this instruction 
should not have been submitted. In a ten-to-two verdict, the jury answered “NO” 
to the liability question and thus did not reach the conditionally submitted 
damages question.[2] In accordance with the 
verdict, the trial court rendered a take-nothing judgment in favor of BBB.
In a divided 
opinion, the First Court of Appeals held on rehearing that the trial court erred 
when it submitted the unavoidable accident instruction and that it was likely, 
although not conclusively established, that the erroneous instruction formed the 
sole basis for the jury’s negative answer to the liability question. 132 S.W.3d 
517, 523 (Tex. App.—Houston [1st Dist.] 2004, pet. granted). The court concluded 
that the erroneous instruction “probably was reversible error that prevented 
Urista from presenting his [appeal].” Id. (relying on Crown Life Ins. 
Co. v. Casteel, 22 S.W.3d 378, 390 (Tex. 2000)); Tex. R. App. P. 44.1(a)(2). The court 
accordingly reversed the trial court’s judgment and remanded the case for a new 
trial. 132 S.W.3d at 523. The court declined to reach Urista’s remaining issues, 
including whether the jury’s failure to find negligence was against the great 
weight and preponderance of the evidence.
II
Assuming the 
unavoidable accident instruction should not have been submitted, we must now 
consider whether submitting the instruction constituted harmful error.[3] See, e.g., 
Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473, 480 (Tex. 2001); 
Timberwalk Apartments, Inc. v. Cain, 972 S.W.2d 749, 755 (Tex. 1998); 
Reinhart v. Young, 906 S.W.2d 471, 473 (Tex. 1995). 
A
Urista 
argues, and the court of appeals agreed, that our holding in Crown Life 
Insurance Co. v. Casteel, 22 S.W.3d 378 (Tex. 2000), controls this case. In 
Casteel, we held: “When a single broad-form liability question 
erroneously commingles valid and invalid liability theories and the appellant’s 
objection is timely and specific, the error is harmful when it cannot be 
determined whether the improperly submitted theories formed the sole basis for 
the jury’s finding.” Id. at 389. Recognizing that broad-form 
submission should be used when feasible, we explained that granulated submission 
should be used when a liability theory is uncertain. Id. at 390. We later 
extended the Casteel holding to broad-form questions that commingle 
damage elements when an element is unsupported by legally sufficient evidence. 
Harris County v. Smith, 96 S.W.3d 234, 235 (Tex. 2002). Under 
Casteel and Harris County, we presume that the error was 
harmful and reversible and a new trial required when we cannot determine whether 
the jury based its verdict solely on the improperly submitted invalid theory or 
damage element. Id.; Casteel, 22 S.W.3d at 388. We must now decide 
whether to extend Casteel again, this time to presume harmful error in 
the submission of an erroneous unavoidable accident instruction.
We 
specifically limited our holdings in Casteel and Harris 
County to submission of a broad-form question incorporating multiple 
theories of liability or multiple damage elements. Harris County, 
96 S.W.3d at 235; Casteel, 22 S.W.3d at 388. We have never extended a 
presumed harm rule to instructions on defensive theories such as unavoidable 
accident, and we decline to do so now. Unavoidable accident is not an 
alternative theory of liability but is “an inferential rebuttal issue that 
requires plaintiffs to prove the nonexistence of an affirmative defense,” 
Lemos v. Montez, 680 S.W.2d 798, 800 (Tex. 1984), or “seeks to disprove 
the existence of an essential element submitted in another issue,” Select 
Ins. Co. v. Boucher, 561 S.W.2d 474, 477 (Tex. 1978). In this case, the 
unavoidable accident instruction was given in reference to the causation element 
of the plaintiff’s negligence claim. When, as here, the broad-form questions 
submitted a single liability theory (negligence) to the jury, Casteel’s 
multiple-liability-theory analysis does not apply. Moreover, when a defensive 
theory is submitted through an inferential rebuttal instruction, 
Casteel’s solution of departing from broad-form submission and instead 
employing granulated submission cannot apply. Unlike alternate theories of 
liability and damage elements, inferential rebuttal issues cannot be submitted 
in the jury charge as separate questions and instead must be presented through 
jury instructions. Tex. R. Civ. P. 
277. Therefore, although harm can be presumed when meaningful appellate 
review is precluded because valid and invalid liability theories or damage 
elements are commingled, we are not persuaded that harm must likewise be 
presumed when proper jury questions are submitted along with improper 
inferential rebuttal instructions.
Because we 
hold that Casteel does not control this case, we need not undertake the 
reversible error analysis applied in presumed harm cases, which requires a 
determination of whether the error “probably prevented the petitioner from 
properly presenting the case to the appellate courts.” Harris 
County, 96 S.W.3d at 235; Tex. R. 
App. P. 61.1(b). Instead, we apply traditional harmless error analysis 
and consider whether the instruction “probably caused the rendition of an 
improper judgment.” Tex. R. App. P. 61.1(a); see Quantum Chem. Corp., 47 
S.W.3d at 480. 
B
An incorrect 
jury instruction requires reversal only if it “was reasonably calculated to and 
probably did cause the rendition of an improper judgment.” Reinhart v. 
Young, 906 S.W.2d 471, 473 (Tex. 1995); Tex. R. App. P. 61.1(a). To 
determine whether the instruction probably caused an improper judgment, we 
examine the entire record. Timberwalk Apartments, Partners, Inc. v. Cain, 
972 S.W.2d 749, 756 (Tex. 1998).
A review of 
the record in this case reveals at least two reasons why we cannot conclude that 
the unavoidable accident instruction probably resulted in an improper judgment. 
First, as we explained in Dillard v. Texas Electric Cooperative, the 
inclusion of an improper unavoidable accident instruction is ordinarily harmless 
and indeed can serve an explanatory role:
 
The 
standard broad-form question is structured such that the jury is not asked 
whether any particular person was negligent, but whether “the negligence, if 
any,” of particular persons proximately caused an occurrence. There is at least 
a potential implication in this phraseology that the occurrence was 
caused by someone’s negligence. We see no harm in explaining to the jury 
through an inferential rebuttal instruction that no such implication is 
intended.
 
 
157 S.W.3d 
429, 433 (Tex. 2005) (citation omitted). The truth is, sometimes accidents are 
no one’s fault, and an unavoidable accident instruction, like the one in this 
case, simply explains to the jury that they are not required to find someone at 
fault. In this instance, the jury was reminded that it could consider the 
possibility that the trash cans fell for reasons other than someone’s 
negligence. That kind of a jury instruction does not by itself amount to harmful 
error. Id.
Second, it is 
reasonable to conclude that Urista failed to carry his burden of proof. BBB 
chose to defend this case principally by attacking Urista’s credibility. Urista 
and his wife were the only witnesses to his being struck in the head by the 
trash cans. And while this claim was not directly challenged by BBB, as it would 
have been difficult to do so in the absence of other witnesses, BBB did 
vigorously challenge Urista’s claim to have been injured as a result of the 
incident. As we have already noted, the evidence at trial showed that after the 
incident occurred, Urista declined the manager’s offer of assistance and did not 
report being knocked unconscious or that he had been injured. Moreover, he 
continued with his shopping before leaving the store. Urista also admitted that 
he had a pre-existing back injury, that he did not complain of pain immediately 
after the accident, that medical tests taken after the incident did not reveal 
any changes in Urista’s back, and that Urista’s medical records describing his 
injuries as work-related were changed by Urista’s doctor, at the request of 
Urista’s lawyer, to say the injuries were caused by the BBB accident. After 
hearing this evidence, the jury could quite reasonably have disbelieved Urista’s 
testimony that he had actually been struck by the trash cans that fell off the 
shelf. In short, the jury could simply have concluded that Urista failed to 
prove that BBB was negligent and, accordingly, answered the negligence question 
negatively without regard to the unavoidable accident instruction. But in any 
event, we cannot conclude that the instruction caused the case to be decided 
differently than it likely would have been without the instruction.[4] See Reinhart, 906 
S.W.2d at 473. 
The court of 
appeals relied on Reinhart v. Young to hold that the unavoidable accident 
instruction was harmful in this case. 132 S.W.3d at 522. In Reinhart, we 
held that submission of an unavoidable accident instruction was not reversible 
error when the defendant introduced ample evidence to support the jury’s finding 
of no negligence, thus prompting a unanimous jury verdict in the defendant’s 
favor. 906 S.W.2d at 473-74. Although Reinhart is factually 
distinguishable from this case to the extent that BBB did not introduce evidence 
of its own and the jury verdict was not unanimous, our holding in 
Reinhart still does not compel us to conclude that the submission of the 
unavoidable accident instruction requires reversal. Because BBB did not bear the 
burden of disproving Urista’s claim of negligence, we cannot say that BBB’s 
failure to introduce “ample” evidence to support the jury’s defense verdict 
dictates a new trial. See El Chico Corp. v. Poole, 732 S.W.2d 306, 311 
(Tex. 1987) (recognizing the fundamental rule that a plaintiff bears the burden 
of proving the elements of negligence to establish tort liability). When, as 
here, the defendant’s cross-examination provides a sufficient basis for 
discrediting the plaintiff’s claims, supporting the jury’s verdict in its favor, 
we cannot conclude that the instruction probably caused the jury to render an 
improper verdict. Nor is the lack of a unanimous verdict in a case with an 
erroneously submitted instruction always an indicator of harmful error, although 
it might be in another case.[5]
In reaching 
our conclusion in Reinhart, we also observed that the plaintiff failed to 
object to another inferential rebuttal instruction that was similar to 
unavoidable accident (sudden emergency) and that the defendant did not emphasize 
the unavoidable accident theory during the trial. In contrast, the court of 
appeals in this case noted that Urista specifically objected to the inclusion of 
the unavoidable accident instruction and that BBB’s counsel referenced the 
instruction in closing argument. But we are still not persuaded that those 
factual distinctions compel a harmful error conclusion. As in Reinhart, 
the evidence in this case fails to indicate “that the unavoidable accident 
instruction in any way caused the case to be decided differently than it would 
have been without it.” 906 S.W.2d at 473.
Though 
numerous courts have addressed unavoidable accident instructions, only the court 
below and one other have held that erroneous submission of the instruction 
constituted reversible error.[6] See Hudkill v. H.E.B. 
Food Stores, Inc., 756 S.W.2d 840, 844 (Tex. App.—Corpus Christi 1988, no 
pet.). The Thirteenth Court of Appeals found that a note submitted by the 
foreman during jury deliberations “clearly indicate[d] the jury based its 
verdict on the alluring but improper theory of unavoidable accident.” Id. 
Without such a clear indication that the instruction affected the jury’s 
decision, every other Texas court to consider an improperly submitted 
unavoidable accident instruction has found any error to be harmless.[7] Likewise, when considering 
the entire record in this case, which provides no clear indication that the 
instruction probably caused the rendition of an improper verdict, we must 
conclude that the trial court’s submission of the instruction was harmless.
* 
* *
Because the 
court of appeals misapplied Casteel and erroneously concluded that the 
trial court’s submission of the unavoidable accident instruction was reversible 
error, we reverse the court of appeals’ judgment. We remand the case to the 
court of appeals for consideration of Urista’s remaining issues.
 
_______________________________
PAUL W. 
GREEN
JUSTICE
 
OPINION DELIVERED: December 29, 
2006
 




[1] The jury charge defined negligence as “the failure to 
use ordinary care, that is, failing to do that which a person of ordinary 
prudence would have done under the same or similar circumstances or doing that 
which a person of ordinary prudence would not have done under the same or 
similar circumstances.” Proximate cause was defined as “that cause which, in a 
natural and continuous sequence, produces an event, and without which cause such 
event would not have occurred.” In addition, the charge specified that “the act 
or omission complained of must be such that a person using ordinary care 
would have foreseen that the event, or some similar event, might reasonably 
result therefrom.”

[2] The damages question asked what sum of money would 
fairly and reasonably compensate Urista for his injuries, if any, resulting from 
the occurrence.

[3] The dissent says the Court “agrees” with BBB that the 
trial court erroneously submitted the unavoidable accident instruction. ___ 
S.W.3d at ___. This is incorrect. Because BBB conceded the instruction was 
improper, we do not reach that question.

[4] The dissent notes that the jury only answered the 
question related to causation of the “occurrence in question,” meaning the 
falling trash cans, and did not reach the question about causation of Urista’s 
injuries. Because the dissent doubts that negligence played any part in causing 
the trash cans to fall, the dissent concludes that “the unavoidable accident 
instruction was likely the sole basis for the jury’s answer to the negligence 
question.” ___ S.W.3d at ___. We disagree with that conclusion. As we held in 
Dillard, an inferential rebuttal instruction eliminates the implication 
that the occurrence must necessarily have been caused by someone’s negligence. 
157 S.W.3d at 433. Instructing the jury that it may consider the possibility 
that the occurrence was the result of something other than negligence is not 
harmful. Id. In addition, based on the language of the jury 
question, we cannot assume that the jury’s negative answer is the result of the 
instruction when the jury could have concluded that Urista failed to establish 
that BBB was negligent, or that any such negligence was a proximate cause of the 
occurrence, or that Urista was even struck by the falling trash 
cans.

[5] The lack of unanimous verdict may be a strong indicator 
of reversible error when a trial court’s error in allocating peremptory 
challenges resulted in an unfair trial as a matter of law. See Lopez v. 
Foremost Paving, Inc., 709 S.W.2d 643, 644-45 (Tex. 1986); Garcia v. 
Central Power & Light Co., 704 S.W.2d 734, 737 (Tex. 1986); Patterson 
Dental Co. v. Dunn, 592 S.W.2d 914, 921 (Tex. 1979).

[6] See, e.g., Reinhart, 906 S.W.2d at 
473-74; Hill v. Winn Dixie Tex., Inc., 849 S.W.2d 802, 803-04 (Tex. 
1993); Fethkenher v. Kroger Co., 139 S.W.3d 24, 34 (Tex. App.—Ft. Worth 
2004, no pet.); Norman v. Good Shepherd Med. Ctr., 2001 Tex. App. LEXIS 
5571 (Tex. App.—Dallas 2001, no pet.) (not designated for publication); Gates 
v. Astroworld, Inc., 1999 Tex. App. LEXIS 4631 (Tex. App.—Houston [1st 
Dist.] 1999, pet. denied) (not designated for publication); Ordonez v. M.W. 
McCurdy & Co., 984 S.W.2d 264, 272 (Tex. App.—Houston [1st Dist.] 1999, 
no pet.); Cortinas v. Gonzales, 1998 Tex. App. LEXIS 2064 (Tex App.—San 
Antonio 1998, pet. denied); DeLeon v. Pickens, 933 S.W.2d 286, 293 (Tex. 
App.—Corpus Christi 1996, writ denied); Wisenbarger v. Gonzales Warm Springs 
Rehab. Hosp., 789 S.W.2d 688, 694 (Tex. App.—Corpus Christi 1990, writ 
denied).

[7] See Reinhart, 906 S.W.2d at 473-74; Hill, 
849 S.W.2d at 803-04; Fethkenher, 139 S.W.3d at 34; Norman, 2001 
Tex. App. LEXIS 5571, at *21; Gates, 1999 Tex. App. LEXIS 4631, at *5; 
Ordonez, 984 S.W.2d at 272; Cortinas, 1998 Tex. App. LEXIS 2064, 
at *11; DeLeon933 S.W.2d at 293; Wisenbarger, 789 S.W.2d at 
694.